UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Richard and Valerie Bird, d.b.a.**
**Birdhouse Properties**

    **Plaintiffs,**

vs.                                            Case No. 2:04-cv-661
                                                    Judge Gregory L. Frost
**Raymond Delacruz, et al.,**                 Magistrate Judge Norah McCann King

    **Defendants.**

### OPINION AND ORDER

This matter is before the Court for consideration of a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings filed by Defendant Donald Green ("Green"). (Doc. # 118). Plaintiffs Richard and Valerie Bird ("Plaintiffs") filed a memorandum in opposition (Doc. # 132), to which Green responded (Doc. # 133). For the reasons that follow, the Court **GRANTS** the motion as to the federal and state RICO claims and the common law fraud claims, but **DENIES** the motion as to the breach of contract and unjust enrichment claims. (Doc. # 118).

### I. BACKGROUND

In considering this motion, the Court accepts as true all well-pleaded facts as set forth in Plaintiffs' Second Amended Complaint. (Doc. # 63).

Plaintiffs are husband and wife who reside in Franklin County, Ohio. *Id.* at ¶ 5. Defendant Ray Delacruz ("Delacruz") operates several businesses and owns property in Ohio. *Id.* at ¶ 6. Defendant Green ("Green") is the former owner of nine pieces of property which Plaintiffs purchased, using Delacruz as a "middle-man." *Id.* at ¶¶ 22, 27-60. Plaintiffs essentially claim that they were the victims of a real property flipping scheme involving

1

Delacruz, Green, and several other parties. *Id.* at intro. Plaintiffs claim that sellers would use Delacruz as a middle-man to orchestrate the sales of properties for inflated appraisal values. *Id.* at 22. Plaintiffs purchased several properties originally owned by two different sellers, Defendants Green and Munce.[1] Plaintiffs claim that, in the case of the properties owned by Green, although his name appeared on the deeds, he actually sold the properties first to Delacruz, who then "flipped" them to Plaintiffs. *Id.* at ¶¶ 23, 134.

Plaintiffs claim that Delacruz and Green fraudulently induced them into purchasing the properties by misrepresenting the values of the properties and using inflated appraisals. *Id.* at ¶¶ 27-60. For example, Plaintiffs claim that Delacruz and Green misrepresented the value of the property located at 2211 Hanna Drive as $65,000, when the actual value was $42,000. *Id.* at ¶¶ 27-28. Plaintiffs paid $52,000 for this property, $10,000 more than the alleged actual value. *Id.* at ¶¶ 27, 29. Based on the inflated appraisals, Plaintiffs claim that they overpaid or lost the benefit of the bargain on each of the nine properties formerly owned by Green. *Id.* at ¶¶ 27-60. Delacruz and Green also allegedly made misrepresentations to Plaintiffs about the condition of the properties and the status of the current tenants of the properties. *Id.* at ¶¶ 27-60. To illustrate, Plaintiffs claim that Delacruz and Green misrepresented to them that the property located at 1205 E. 23rd Avenue had a long-term tenant paying $485 monthly rent, when the property was actually vacant. *Id.* at ¶¶ 30-31. Plaintiffs therefore claim that they lost $1595 in lost revenue from this property in 2002. *Id.* at ¶ 32.

---

[1] The Court is unable to discern from the Second Amended Complaint the exact number of properties allegedly sold by either Defendant Green or Defendant Munce. Plaintiffs claim that Green sold them eleven properties, but then describe only ten properties, one of which actually appears to have been sold by Munce. (Doc. # 63 at ¶¶ 22, 24, 27-60). For the purposes of this Order, the Court is only referring to those properties actually sold by Defendant Green.

Based on these and other similar alleged misrepresentations, Plaintiffs claim that they lost thousands of dollars because of the overpayments, lost revenue, and money expended for repairs to the properties sold by Green. *Id.* at ¶¶ 27-60. Specifically, Plaintiffs allege in their Second Amended Complaint that Green: (1) violated the federal Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; (2) violated the Ohio Corrupt Activities Act, Ohio Rev. Code §§ 2923.31, 2923.32, 2923.34; (3) conspired to violate the RICO statutes; (4) engaged in common law fraud; (5) breached contracts; and (6) was unjustly enriched. *Id.* at ¶¶ 145-172.

Green now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiffs have failed to plead their fraud claims with particularity and have failed to state claims for breach of contract and unjust enrichment. (Doc. # 118).

## II. STANDARD

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In reviewing such a motion, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *see also Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). However, the Court need not accept as true "legal conclusions or unwarranted factual inferences." *Mixon*, 193 F.3d at 400.

Federal Rule of Civil Procedure 12(c) allows the Court to consider matters outside the pleadings when attached to a motion for judgment on the pleadings. If these matters are not

3

excluded by the Court, then the motion is treated as one for summary judgment. Fed. R. Civ. P. 12(c). Green made no reference to any matters other than the pleadings in his motion. (Doc. # 118). Plaintiffs, however, attached copies of plea agreements entered into by Defendants Delacruz and Atkinson in a criminal case to their memorandum in opposition. (Doc. # 132-2, 132-3). These plea agreements do not contain any reference to Green. *Id.* Rather, they simply contain admissions that Defendants Delacruz and Atkinson submitted fraudulent documents in support of mortgage loan applications and committed mail fraud. *Id.* The plea agreements do not provide any additional information with regard to the fraudulent activity allegedly committed by Green in support of Plaintiffs' RICO and fraud claims. *Id.* Therefore, the motion will be considered solely on the basis of the factual allegations in the Second Amended Complaint, according to Fed. R. Civ. P. 12(c).

## III. DISCUSSION

### A. Federal and State RICO Claims and Common Law Fraud Claim

Plaintiffs' claims in Counts I, II, III, and IV are based on the federal and state RICO statutes. (Doc. # 63 at ¶¶ 145-158). Because the Ohio Corrupt Activities Act, Ohio's "RICO" statute, is directly adopted from the federal RICO statute the Court will address the federal and state RICO claims concurrently. *Ohio v. Nasrallah*, 745 N.E.2d 511, 513 at n.1 (Ohio Ct. App. 2000); *Universal Coach, Inc. v. N.Y.C. Transit Auth.*, 629 N.E.2d 28, 32 (Ohio Ct. App. 1993). RICO claims are "based on a 'pattern of racketeering activity' arising from fraud." *Brightman v. Freeway Assoc.*, 1991 U.S. App. LEXIS 19069, at *2 (6th Cir. 1991).

Plaintiffs allege mail and wire fraud as the basis of their RICO claims. Plaintiffs further aallege common law fraud. Plaintiffs' Second Amended Complaint must therefore satisfy Fed.

4

R. Civ. P. 9(b) with respect to these claims. Pursuant to this Rule, "circumstances constituting fraud . . . shall be stated with particularity." In cases alleging fraud, the Court considers this particularity requirement against Fed. R. Civ. P. 8(a), which requires only a "short and plain statement of the claim." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). The purpose of the particularity requirement in Fed. R. Civ. P. 9(b) is to provide defendants with fair notice of the substance of plaintiff's claims so that they are able to prepare their Answer. *Id.* In order to provide this "fair notice," plaintiff must allege, at a minimum, the "'time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *United States ex rel Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)). Failure to plead fraud with particularity is a basis for a court to grant a motion for judgment on the pleadings. *Bledsoe*, 342 F.3d at 643.

The Court has previously considered Plaintiffs' Second Amended Complaint with respect to the particularity requirement when the Court considered a motion to dismiss filed by Defendant Carteret Mortgage Corporation ("Carteret"). (Doc. # 68). With respect to that motion, Plaintiffs alleged that Carteret violated the federal and state RICO statutes, conspired to violate the federal and state RICO statutes, committed common law fraud, and that Carteret was vicariously liable for the acts of its agents, Defendants Delacruz and Atkinson. In the Order dated July 6, 2005, the Court dismissed the RICO and fraud claims against Carteret because Plaintiffs failed to plead with particularity the circumstances surrounding those claims. (Doc. # 110). The Court also dismissed the vicarious liability claim because Plaintiffs failed to plead

sufficient facts to establish an agency relationship between Carteret, Delacruz, and Atkinson.  *Id.*

Plaintiffs attempt to bypass the effect of that Order here by attaching copies of plea agreements entered into by Delacruz and Atkinson to their memorandum in opposition to Green's motion for judgment on the pleadings.  (Doc.# 132).  However, these documents fail to provide any additional relevant information about Green's alleged violations of the federal and state RICO statutes.  (Doc. # 132).  Thus, the Court hereby incorporates and adopts its  July 6, 2005 Order here, and again holds that Plaintiffs failed to plead the circumstances surrounding the alleged fraud with particularity that constitutes the basis for their federal and state RICO claims and their common law fraud claims against Green.  (Doc. # 110).  The Court therefore **GRANTS** Green's motion for judgment on the pleadings with respect to the federal and state RICO claims and the common law fraud claim.

### B.  Breach of Contract Claim

In Count VI of their Second Amended Complaint, Plaintiffs allege that Defendant Green breached the contracts for sale of several properties.  (Doc. # 63 at ¶ ¶ 162, 163).  Plaintiffs assert that Green "provid[ed] false information about such properties and . . . fail[ed] to deliver the rental properties in the condition contracted for."  *Id.* at ¶ 164.

In his motion for judgment on the pleadings, Green argues that Plaintiffs have failed to state a claim for breach of contract because elsewhere in the Second Amended Complaint they allege that there were no signed purchase/sales agreements involving Plaintiffs and Green for the properties.  (Doc. # 118 at 8-9).  Because the first requirement for any breach of contract claim is the existence of a contract between the two parties, Green argues that Plaintiffs must fail on this

claim. *Id.*

In order to recover for breach of contract, Plaintiffs must establish: (1) the existence of a binding contract or agreement; (2) that Plaintiffs performed their contractual obligations; (3) that Defendant failed to fulfill his contractual obligations without legal excuse; and (4) and that Plaintiffs suffered damages as a result of the breach. *Garofolo v. Chicago Title Ins. Co.*, 661 N.E.2d 218, 226 (Ohio Ct. Appeals 1995) (citing *Nat'l City Bank v. Erskine & Sons*, 110 N.E.2d 598 (Ohio 1953)). The only element contested by Green here is the existence of a contract between the parties. (Doc. # 118 at 8-9).

Although Plaintiffs do allege that Defendant Delacruz failed to provide signed purchase/sales agreements for the properties purchased, Plaintiffs also clearly allege that Green contracted to sell them several properties. (Doc. # 63 at ¶ 163). They also claim that the deeds listed Green as the seller for all of those properties. *Id.* at ¶ 134. Plaintiffs further allege that the breach occurred when Green provided false information and failed to deliver the properties in the condition for which Plaintiffs contracted. *Id.* at ¶ 164. Because Defendant's motion is filed pursuant to Fed. R. Civ. P. 12(c), the seemingly conflicting allegations in the Second Amended Complaint–the lack of signed purchase/sales agreements and the presence of contracts for sale of the properties–must be construed in the light most favorable to the Plaintiffs as the non-moving party. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Because Green owned property and Plaintiffs allegedly bought property from Green, the Court holds that Plaintiffs could prove a set of facts in support of their breach of contract claim that would entitle them to relief. Consequently, the Court **DENIES** Green's motion for judgment on the pleadings with respect to the breach of contract claim. (Doc. # 118).

...
...
...

### C. Unjust Enrichment Claim

In Count VIII of their Second Amended Complaint, Plaintiffs allege unjust enrichment by stating that Green "benefitted from the transactions . . . to the tune of thousands of dollars." (Doc. # 63 at ¶ 171). Green moves for judgment on the pleadings, arguing that Plaintiffs have failed to show that Green retained the benefit under unjust circumstances. (Doc. # 118 at 9-10).

The elements of unjust enrichment are: (1) a benefit conferred on defendant by plaintiff; (2) defendant's knowledge of the benefit; and (3) defendant's retention of the benefit under circumstances where it would be unjust to retain the benefit without payment. *Andersons, Inc. v. Consol, Inc.*, 185 F. Supp. 2d 833, 837 (S.D. Ohio 2002) (citing *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)).

Plaintiffs have alleged that they overpaid or lost the benefit of the bargain on the contracts for each of the properties originally owned by Green. (Doc. # 63 at ¶ ¶ 29, 32, 36, 41, 44, 48, 51, 55, 57, 60). They also claim that Green knew of the overpayment because he allegedly misrepresented the actual values, the current rental status, and the conditions of each of these properties. *Id.* at ¶ ¶ 27, 33, 37, 45, 49, 52, 56, 58. Thus, because Green allegedly made material misrepresentations and because he may have been unjustly enriched by the sales of some of his properties to Plaintiffs, the Court holds that Plaintiffs could prove a set of facts in support of their unjust enrichment claim that would entitle them to relief. Therefore, the Court **DENIES** Green's motion for judgment on the pleadings with respect to Plaintiffs' claim of unjust enrichment. (Doc. # 118).

## IV.  CONCLUSION

The Court **GRANTS** Defendant Green's motion as to Counts I, II, III, and IV of the Second Amended Complaint.  (Doc. # 63).  The Court **DENIES** the motion as to Counts VI and VIII.

**IT IS SO ORDERED.**

      /s/   Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**